UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
JAMES KNIGHT on behalf of himself
and all others similarly situated,                         ECF CASE
                                                           07 CV 5989 (AKH)
      Plaintiff,

   -against-

NATIONAL DEBT COLLECTORS, INC.

      Defendant.

-------------------------------------------------------------

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

### PRELIMINARY STATEMENT

  This case is brought by Plaintiff James Knight as a putative class action suit under the Fair Debt Collection Practices Act ("FDCPA"), alleging Defendant, National Debt Collectors, Inc., failed to effectively provide the debt validation notice mandated by the FDCPA in violation of 15 U.S.C. § 1692, et seq.  Plaintiff submits that Defendant, in its communication to Plaintiff, violated the FDCPA by use certain language in the collection letter sent sometime in October, 2006.

  Defendant's violation of the FDCPA resulted from its demand for immediate payment in the initial collection letter sent to the Plaintiff.  Plaintiff submits that such conduct is in violation of 15 U.S.C. §§ 1692g and 1692e(10).

  Federal jurisdiction is present under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337.

## STATEMENT OF FACTS

In the Complaint, filed on June 25, 2007 Plaintiff asserts that, in or about October, 2006 Defendant, a debt collection agency, sent Plaintiff an initial collection letter for the purpose of collecting a debt purportedly owed by Plaintiff. The letter set forth, in pertinent part:

"We urge you to make payment immediately to avoid any further collection activity. Please remit payment immediately by United States postal money order payable to National Debt Collectors, Inc."

Complaint at ¶ 1.6.

A review of the complaint and answer (also attached hereto) reveals that defendant has admitted that it is a debt collector, that the Court has jurisdiction over the matter and that on the face of the collection letter the debt is for Tribecca Gym which appears to qualify as a personal debt. Defendant admits that it sent the letters at issue in the complaint.

## STANDARD OF REVIEW

Plaintiff submits that the motion could be decided pursuant to Rule 12(c). In considering the pleadings, as here, where there are no disputed facts, judgment on the pleadings is appropriate. <u>Sellers v. M.C. Floor Crafters, Inc</u>., 842 F.2d 639, 642 (2d. Cir.1998).

## ARGUMENT

Plaintiff is entitled to effective notification of his rights as a consumer. To that end, the FDCPA contains an important validation provision. 15 U.S.C. § 1692g. The rights and obligations established by § 1692g were considered by the Senate to be a "significant feature" of

the legislation. Sen. Rep. No. 382 at 4. As a matter of law, these rights must be *effectively* conveyed to the consumer. Swanson v. Southern Oregon Credit Service. Inc., 869 F.2d 1222 (9th Cir. 1988); Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982).[1] Moreover, it is a strict liability provision in that a violation of the validation requirements, intentional or unintentional, violates the Act. See *Russell v. Equifax*, A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

Furthermore, it is settled law in the Second Circuit that whether a debt collector's conduct violates the FDCPA is made from the viewpoint of the least sophisticated consumer or debtor. *Russell,* 74 F.3d 30 (2d Cir. 1996); *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir. 1993).[2] The Court further held in *Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir. 1998), that "[w]hen determining whether § 1692g has been violated, courts use an objective standard, measured by how the `least sophisticated consumer' would interpret the notice received from the debt collector." Id. at 85 (internal quotation marks omitted). When coupled with language that could confuse a least sophisticated consumer or render the consumer uncertain on how to proceed,

---

[1] 15 U.S.C. § 1692g(a) specifically requires that:
    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
     (1) the amount of the debt;
     (2) the name of the creditor to whom the debt is owed;
     (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
     (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
     (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

[2] As the Second Circuit held in *Clomon,* "[t]he basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon,* 988 F.2d at 1318. See *Teng v. Metropolitan Retail Recovery, Inc.,* 851 F. Supp. 61 (E.D.N.Y. 1994).

effective notice has not been conveyed. *Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000) ("The key consideration is that the unsophisticated consumer is to be protected against confusion *whatever form it takes*.")(emphasis added). *Johnson v. Revenue Management Corp.,* 169 F.3d 1057, 1060 (7th Cir. 1999) ("[u]nsophisticated readers may require more explanation than do federal Judges; what seems pellucid to a Judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade.")

In defining the contours of FDCPA violations, the Second Circuit in *McStay v. I.C. System, Inc.*, 308 F.3d 188 (2nd Cir. 2002) discussed at length the standard for determining a violation of § 1692g of the FDCPA. The Court held that, even if the debt collector's notice contains all the information required by statute, it will still violate § 1692g if the letter also "contains language that overshadows or contradicts other language informing a consumer of her rights." Id. See also *Russell*, 74 F.3d at 34. Courts throughout the country have similarly held that a debt collection letter that overshadows or contradicts the debtor's right to dispute and/or validate the debt within 30 days violates 15 U.S.C. § 1692g. *Graziano v. Harrison,* 950 F.2d 107 (3d Cir. 1991); *Swanson,* 869 F.2d 1222 (9th Cir. 1988); *Weiner v. Bloomfield,* 901 F. Supp. 771 (S.D.N.Y. 1995); *Robinson v. Transworld Systems. Inc.,* 876 F. Supp. 385 (N.D.N.Y. 1995); *Avila v. Van Ru Credit Corp.,* 1995 U.S. Dist. LEXIS 1502 (N.D. Ill. Feb. 8, 1995); *Gordon v. Fink,* 1995 U.S. Dist. LEXIS 1509 (N.D. Ill. Feb. 8, 1995). Furthermore, it is well settled that deceptiveness is interpreted broadly and includes a variety of ambiguities as well as notices that can be reasonably read to have two or more different meanings, one of which is inaccurate. See *Barrientos v. Law Offices of Mark L. Nichter*, 76 F. Supp.2d 510 (S.D.N.Y 1999).

In the eyes of the least sophisticated consumer, the above language has both presumed the validity of the debt and expressly changed the Plaintiff's right to have the debt validated, all prior to the expiration of the Plaintiff's 30-day validation period.

Plaintiff claims that the language: "We urge you to make payment immediately to avoid any further collection activity. Please remit payment immediately by United States postal money order payable to National Debt Collectors, Inc." contradicts the plaintiff's right to dispute the debt. Not only is the wording of the letter to be deemed a contradiction of the rights, but it should be considered a threatening contradiction which is not necessary in the Second Circuit but which demonstrates a more egregious violation of 1692g. The reason why it is a threatening contradiction is because if the debt is not paid immediately, there will be further collection activity. Plaintiff frankly submits that this language is an example of a more blatant textual violation of contradicting the dispute rights.

There have been quite a few cases that have been decided which do not contain a threatening contradiction, but have been found to violate 1692g. In Savino v. Computer Credit, 164 F.3d 81 (2d. Cir. 1998), the letter simply states that the hospital insists on immediate payment or a valid reason for nonpayment. There is no threatening contradiction in that language. See also Matthews v. First Revenue Assurance, L.LC., 2001 U.S.Dist. LEXIS 11091 (N.D.Ill. July 31, 2001 wherein the following language was found to be in violation of the Act: "Please submit payment in the enclosed envelope for proper credit or contact our office today to set up autopay for immediate credit to your account." See also plaintiff's counsel's decision in Unger v. National Revenue Group, Ltd., 2000 U.S. Dist. LEXIS 18708 (E.D.N.Y. Dec. 8, 2000.

5

(full payment is due now). See Veillard v. Mednick,, 24 F.Supp. 863 (N.D.Ill. 1998) where the violative language stated: "Resolv[e] this matter as soon as possible as our client shows this obligation to be due immediately." See Monokrousos v. Computer Credit, Inc., 984 F.Supp. 233 (S.D.N.Y. 1997) wherein the consumer had to pay or dispute the debt on a date shortly before the expiration of the thirty day validation period. *See Laster v. Cole,* 2000 U.S. Dist. LEXIS 3771, p. 11 (E.D.N.Y. 2000); *Tipping-Lipshie v. Riddle*, 2000 U.S. Dist. LEXIS 2477, p. 9 (E.D.N.Y. 2000 (demand for payment within one week);

The Southern District of New York has held that demanding various suitable dispute documentation is a violation of 1692g. (See Castro v. ARS National Services, Inc., 2000 U.S. Dist. 2618 (E.D.N.Y. 2000).  Furthermore, there have been other cases which have found violations of 1692g which have not concerned a demand for payment in less than the thirty day period to dispute the debt.  See Ong v. American Collection Enterprise, Inc. 1999 U.S. Dist. Lexis 409 (Decided January 15, 1999) (E.D.N.Y.) and Macarz v. Transworld Systems, Inc., 26 F.Supp. 2d 368, 374 (D. Conn. 1998).

The defendant could employ the offensive language if it followed the holding in Savino v. Computer Credit, Inc.,164 F.3d 81 (2d. Cir. 1998) wherein the Court found that the following language contradicted the plaintiff's right to dispute the debt:

"This notice will serve to inform you that your overdue balance with North Shore Hospital has been referred to Computer Credit, Inc.  The hospital insists on immediate payment or a valid reason for your failure to make payment."

This Court in Savino suggested a model in order for the debt collector to alleviate the least sophisticated consumer from his confusion.

6

"Although we have requested that you make immediate payment or provide a valid reason for nonpayment, you still have the right to make a written request, within thirty days of your receipt of this notice, for more information about the debt. Your rights are described on the reverse side of this notice."

Savino held that reconciling language could satisfy FDCPA requirements in these situations. For example, the Savino court stated that the following language could suffice: "[i]f you choose to [dispute this debt within 30 days of receipt of this notice], we are required by law to cease our collection efforts until we have mailed that information to you." *Id.* at 86. However, in the case before this Court, there is no language reconciling Plaintiff's validation rights with the confusing and contradictory language contained in Defendant's letters. Defendant failed to ameliorate the confusions and contradictions or reconcile them with Plaintiff's rights under 15 U.S.C. § 1692g. Defendant could have modified the *Savino* model to fit its collection letter language.

The defendant's violation of 1692g is also a violation of 15 U.S.C. §§ 1692e(10) which provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

Defendant has deceived the plaintiff its violating 1692g. "At the outset, it should be emphasized that the use of any false, deceptive, or misleading representation in a collection

7

letter violates section 1692e - regardless of whether the representation in question violates a particular subsection of that provision." Clomon v. Jackson, 988 F.2d. at 1320.

Further, in Russell, supra, the court held: "Since the language on the front of the notice overshadowed and contradicted the language on the back of the notice, causing the validation notice to be ineffective, the February notice violated 1692g as a matter of law. In addition, a collection notice is deceptive when it can be reasonably read to have two different meanings, one of which is inaccurate. See Clomon, 988 F. 2d at 1319. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act." Russell at 35 [emphasis added]. Hence, the extent to which there exists a § 1692g violation liability in the instant action also attaches under §§ 1692e and 1692e(10).

## CONCLUSION

Unaccompanied by any reconciling language, the least sophisticated consumer reading Defendant's letters in this case could easily and readily fail to appreciate the right to dispute a debt. Instead he could easily believe he has no right to request verification of the debt.

Accordingly, Plaintiff requests this court grant his Motion for Judgment on the Pleadings. Plaintiff reserves the right to file a motion for class certification upon obtaining appropriate discovery responses in support of the motion. Plaintiff has already served discovery requests upon defendant's counsel.

    Dated: Cedarhurst, New York
       October 15, 2007

Respectfully submitted,

/s/
_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411